UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUSTIN WHITNEY CROWDER, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No.  1:07-cv-102 |
| ) | *Chief Judge Curtis L. Collier* |
| DON SPRADLIN, P.A.; CORRECTIONAL ) | |
| OFFICER/COUNSELOR CUTLER; UNIT ) | |
| MANAGER JENKINS; ATTORNEY ) | |
| TIMOTHY DEERE; COUNTY MAYOR ) | |
| CLAUDE RAMSEY; COUNTY ) | |
| COMMISSIONER LARRY HENRY; C.C.A. ) | |
| PRESIDENT FERGUSON, ) | |
| ) | |
| *Defendants.* ) | |

## **MEMORANDUM**

Justin Whitney Crowder ("Crowder") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 2). Crowder brings suit against several CCA employees: Physician's Assistant Don Spradlin ("Spradlin"); Correctional Officer/Counselor Cutler ("Cutler"); Unit Manager Jenkins ("Jenkins"); CCA President Ferguson ("CCA President Ferguson"); and Attorney Timothy Deere ("Deere"), an attorney paid by CCA to provide legal research to CCA inmates. Crowder also names County Mayor Claude Ramsey ("Mayor Ramsey") and County Commissioner Larry Henry ("Commissioner Henry") as defendants in this action. Crowder alleges CCA Defendants, other than President Ferguson, violated his constitutional rights when they were deliberately indifferent to his medical condition; made verbal threats; and interfered with his access to court. Crowder's claims against Mayor Ramsey, Commissioner Henry, and CCA President Ferguson are based on the doctrine of *respondeat superior* as supervisors of the other named Defendants.

For the reasons discussed below, Crowder's complaint will be **DISMISSED** *sua sponte*

(Court File No. 2).

## I. Application To Proceed In Forma Pauperis

It appears from the application to proceed in forma pauperis submitted by Crowder that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Crowder is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Crowder is an inmate or prisoner in custody at CCA Silverdale, in Chattanooga, Tennessee, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Crowder's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Crowder's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Crowder's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Crowder's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Records at CCA Silverdale, in Chattanooga, Tennessee, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State

of Tennessee to ensure the custodian of Crowder's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Crowder shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of Crowder shall continue to collect monthly payments from Crowder's prisoner account until the entire filing fee of $350.00 is paid. Crowder will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Crowder to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against Crowder without any additional notice or hearing by the Court.

## II.     Standard of Review

### A. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." *LRL Properties v. Portage Metro Housing*

*Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995).

Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Section 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

**B.      Screening Pursuant To 28 U.S.C. §§ 1915A and 1915(e)**

When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become

4

apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler*, 110 F.3d at 529-30. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III.    Facts**

The Court construes Crowder's complaint in the light most favorable to him and accepts his factual allegations as true in determining whether he can prove any set of facts that would entitle him to relief. The following facts are taken from Crowder's complaint.

The record reflects Crowder arrived at CCA Silverdale on April 4, 2007. On April 10, 2007, Crowder explained to Spradlin that he had been declared disabled by the state due to his physical and mental disabilities and injured right knee. Spradlin ordered Crowder a knee brace, a bottom bed, and limited him to light duty work. However, Crowder complains Spradlin denied him physical therapy for his injured right knee and approved his outdoor work assignment to "extremely hard physical labor on 4-17-07 using a weed eater 8 hours a day...." (Court File No. 2).

Next Crowder claims he was denied access to the courts. Crowder requested copies and legal documents from Cutler and Deere who refused to make copies of exhibits, documents, and case law. Cutler, a CCA Correctional Officer, refused to make copies of those documents listed as exhibits in the instant complaint, thus preventing Crowder from attaching those exhibits to this

complaint. Deere, an attorney paid by CCA to provide legal assistance to inmates, refused to provide Crowder with legal material he requested. When Crowder subsequently complained about these constitutional violations to prison authorities, Cutler and Jenkins threatened to have him hurt if he continued to file grievances.

**IV.     Analysis**

    **A.     42 U.S.C. § 1983**

To state a viable § 1983 claim, Crowder must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). Although the FEDERAL RULES OF CIVIL PROCEDURE do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Crowder must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock,* 94 F.3d at 244.

In analyzing a § 1983 claim, the Court must initially determine whether Crowder possessed a federal constitutional right that has been invaded. Crowder alleges he was denied his Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment and his constitutional due process right of access to court. Specifically, Crowder alleges he was denied these rights because he received inadequate medical treatment and was denied access to court.

6

### B. Medical Claim

Crowder claims Spradlin, knowing his medical condition of having an injured knee, negligently approved his assignment to the Highway Landscaping Crew which resulted in Crowder using a weed-eater for eight hours on April 17, 2007. Additionally, Crowder claims Spradlin has denied him physical therapy for his injured knee. As explained below, Crowder has failed to demonstrate Spradlin was deliberately indifferent to his serious medical need.

Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). In order to prevail on such a claim, an inmate must demonstrate he had an objectively serious medical need and the prison official actually knew of but deliberately disregarded that need. Therefore, to establish an Eighth Amendment claim based upon the denial of medical attention, Crowder must show he had a serious medical need and the defendants were aware of that need and unnecessarily and wantonly disregarded that need. *Estelle v. Gamble,* 429 U.S. at 103-04; *Saaty v. Voinovich,* 70 F.3d 1273 (6th Cir. Nov. 20, 1995)(Unpublished Table Decision), *available at* 1995 WL 696672, at *1. It is important to note that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v Gamble*, 429 U.S. at 106.

Therefore, to state a cognizable claim, Crowder must allege acts or omissions sufficiently

7

harmful to demonstrate deliberate indifference to serious medical needs. "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* Crowder has neither alleged nor submitted any proof that the defendants failed to take any reasonable step to abate the risk of injury to Crowder's knee or that any Defendant acted with a sufficiently culpable state of mind. *See Saaty v. Voinovich,* 1995 WL 696672, at *1. Moreover, Crowder has not provided any evidence of injury other than his allegation that working with the weed-eater resulted in the following: "excalibrated [sic] my limited physical abilities to the extent that I experienced severe physical and mental anguish, pain and suffering..." (Court File No. 2).

Jail officials addressed Crowder's medical condition when they housed Crowder on a lower bunk; provided him a knee brace; and placed him on light duty work (Court File No. 2). There is nothing in the record to indicate the work assignment was the result of defendant's deliberate indifference to Crowder's medical condition. There is no proof that the work assignment is not light duty work or that using a weed-eater while walking around in a knee brace posed a substantial risk of serious harm. Furthermore, it appears that Crowder only worked one day with the weed-eater. Therefore, at best, this allegation states nothing more than negligence or a mere reasonable mistake on Spradlin's part when he approved Crowder's work assignment. Nothing in the record indicates Spradlin's decision was based on a conscious disregard of Crowder's health or that he knew and disregarded an excessive risk to Crowder's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Crowder's claim that Spradlin addressed and treated his injured knee but negligently approved his work assignment is insufficient to establish liability for deliberate indifference to serious medical needs.

As to Crowder's claim that he was denied physical therapy, the record does not reflect that

physical therapy was recommended, ordered, or necessary for Crowder's injured right knee. This factually unsupported claim fails to demonstrate Crowder had a serious medical need for physical therapy and fails to demonstrate Spradlin or any other defendant was deliberately indifferent to Crowder's medical needs. However, even assuming Spradlin should have prescribed physical therapy, Crowder has failed to state an actionable § 1983 claim because negligence in treating a medical condition does not state a valid claim of deliberate indifference to a medical need under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, absent an allegation of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs, Crowder's factually unsupported denial-of-physical-therapy claim does not raise an Eighth Amendment deliberate indifference constitutional violation. *See Farmer v. Brennan*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S. at 102-03.

Crowder disputes the adequacy of his medical treatment. However, when a prisoner receives some medical treatment, and the dispute is over the adequacy of that treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. *Estelle*, 429 U.S. at 105-06. Therefore, the evidence before the Court amounts to no more than Crowder's disagreement with Spradlin's course of treatment of his knee. The record before this Court evidences Spradlin's attention to Crowder's medical needs, not deliberate indifference to his needs.

Accordingly, the Court concludes Spradlin was not deliberately indifferent to Crowder's

9

health and safety needs and this claim does not survive review under 28 U.S.C. §§ 1915A and 1915(e).

C. **Access to Court Claims**

Crowder claims Cutler and Deere denied him access to court. Crowder claims Cutler refused to make copies of those documents he listed as exhibits in the instant case, thus preventing him from attaching those exhibits to this complaint. Second, he avers Deere, an attorney paid by CCA to provide legal assistance to CCA inmates, has refused to provide him with requested case law, a copy of his arrest report, and other legal documents. The Court will analyze the applicable law and then address the claims against the two individual defendants separately.

To state a viable denial of access-to-court-claim, an inmate must show an actual injury to his right of access to court. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. *Id.* at 352-54. Specifically, an inmate must demonstrate the alleged deprivation of legal materials hindered his effort to pursue a legal claim. *Id.* at 351.

1. **Denial-of-Access Claim Against Cutler**

Crowder claims Cutler refused to make copies of those documents listed as exhibits in the instant complaint, thus preventing him from attaching those exhibits to this complaint. Crowder refers to Exhibit A, which he describes as an order in which Spradlin directed that Crowder receive a bottom bunk and a knee brace. Exhibit B refers to an April 11, 2007, order by Spradlin, assigning Crowder to "Light Duty Work and No Lifting or Climbing." These factual allegations are accepted as true for purposes of the Court's analysis of Crowder's complaint. However, Crowder fails to state

a constitutional violation as the lack of these exhibits has not hindered Crowder's effort to pursue his legal claim since his lack of success in the instant case is not due to the failure to submit the documents Cutler allegedly refused to copy. *See Lewis v. Casey*, 518 U.S. at 351.

Consequently, Crowder has alleged no actual injury for prospective or existing litigation, a constitutional prerequisite to obtain relief on his denial-of-access claim against Cutler. Accordingly, this claim will be **DISMISSED**.

### 2. Denial-of-Access Claim Against Deere

Crowder asserts that Deere, an attorney paid by CCA to render legal assistance to CCA inmates, refused to give him case law, his arrest report, and other legal documents. Crowder has failed to explain how Deere's denial of providing the requested information impeded his access to court. This claim is not a constitutional violation absent any proof that Deere's refusal to provide the requested legal material hindered Crowder's pursuit of prospective or existing litigation. Absent any explanation about how Deere's refusal to provide legal material impaired his access to court, Crowder's claim must be **DISMISSED**.

### D. Threats by Prison Officials

Next, Crowder claims Cutler and Jenkins have threatened to have him hurt if he continues to file grievances. This is the extent of Crowder's claim. Although Crowder does not identify which Amendment he relies upon, whether this claim is asserted under the Eighth Amendment's cruel and unusual punishment clause or under the Fifth Amendment's substantive due process clause, a claim based only on verbal threats will fail. *See Pittsley v. Warish*, 927 F.2d 3, 7-8 (1st Cir.), *cert. denied*, 502 U.S. 879 (1991).

Although mere verbal harassment does not rise to the level of a constitutional deprivation under § 1983, verbal harassment or threats, with some reinforcing act accompanying them may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. *See Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot).

Although the Court does not condone verbal threats and admonishes jail officials from participating in such behavior, treating this allegation as true, such threats made by the Defendants to Crowder, in absence of physical contact, does not rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of a sheriff's threat to "hang" a prisoner does not state a constitutional deprivation actionable under Section 1983). Consequently, this allegation of mere threatening language does not amount to a constitutional violation.

Crowder's allegations of verbal threats do not rise to the level of a constitutional violation, thus these allegations fail to state a claim upon which relief may be granted and will be **DISMISSED**.

E.  *Respondeat Superior* **Claims**

Crowder sues Mayor Ramsey, Commissioner Henry, and CCA President Ferguson under the theory of *respondeat superior* as supervisors of the other defendants. A failure-to-supervise claim under § 1983 is not actionable on a *respondeat superior* theory. For a claimant to succeed on a claim of supervisory liability under § 1983, the claimant must show more than simply a supervisor's

right to control employees, and cannot succeed solely on the theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert denied*, 530 U.S. 1264 (2000); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). Rather, there must be a showing that the official implicitly authorized, approved, knowingly acquiesced, or encouraged the specific incident of misconduct or in some other way directly participated in it. *Id.; Hays v. Jefferson County,Ky.,* 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982) (simple negligence insufficient to support liability for inadequate supervision of officers). "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Id*. at 872.

Therefore, to state an actionable claim, Crowder must show that the named official defendants either implicitly authorized, approved, knowingly acquiesced, or encouraged the specific incident of misconduct or in some other way directly participated in it. *Id.* at 874. Crowder has not alleged that Mayor Ramsey, Commissioner Henry, or CCA President Ferguson implicitly authorized, approved, knowingly acquiesced, or encouraged the specific incident of misconduct or in some other way directly participated in it. Not only has Crowder failed to allege any type of unconstitutional conduct on the part of any defendant for which these defendants could be liable, he has failed to state a constitutional violation for a claim of supervisory liability under § 1983.

Accordingly, Crowder's claims against Mayor Ramsey, Commissioner Henry, and CCA President Ferguson will be **DISMISSED** for failure to state a claim upon which relief can be granted.

## V. Conclusion

Accordingly, Crowder's complaint will be **DISMISSED** for failure to state a cognizable claim under 42 U.S.C. § 1983 upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e).

An appropriate judgment will enter.

ENTER:

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**